IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CITY OF BRUNDIDGE, ALABAMA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRUNDIDGE LANDFILL, LLC, )<br>ALLIED WASTE INDUSTRIES, INC., )<br>ALLIED WASTE NORTH AMERICA, )<br>INC., )<br>)<br>Defendants. | RECEIVED<br>2006 NOV 29 P 2: 51<br>DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br>CIVIL ACTION NO.<br>2:06CV1066-MEF<br>[Case No. CV-06-0275-JWK in the Circuit Court of Pike County, Alabama] |

### DEFENDANTS BRUNDIDGE LANDFILL, LLC; ALLIED WASTE INDUSTRIES, INC.; AND ALLIED WASTE NORTH AMERICA, INC.'S <u>ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendants Brundidge Landfill, LLC; Allied Waste Industries, Inc.; and Allied Waste North America, Inc. (collectively "Defendants") hereby respond to Plaintiff's Complaint and every count and claim therein, separately and severally, as follows:

### <u>PARTIES</u>

1. Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 1, and therefore denies the same.

2. Defendants admit that Brundidge Landfill, LLC has business operations in Brundidge, Alabama. However, Brundidge Landfill, LLC is a

Delaware limited liability company and its sole member is a citizen of a state other than Alabama. Defendants deny any remaining or inconsistent allegations of paragraph 2.

3. Defendants admit that Allied Waste Industries, Inc. is a publicly traded Delaware corporation. Defendants deny that Brundidge Landfill, LLC is a wholly owned subsidiary of Allied Waste Industries, Inc. Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 3, and therefore denies the same at this time.

4. Defendants deny that Allied Waste North America, Inc., is an Arizona corporation, but rather state that Allied Waste North America, Inc. is a Delaware corporation. Defendants admit that Allied Waste North America, Inc. is a wholly owned subsidiary of Allied Waste Industries, Inc. Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 4, and therefore denies the same at this time.

## **ALLEGATIONS**

5. Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 5, and therefore denies the same at this time.

6.  Defendants state that the contract speaks for itself. Defendants otherwise admit the allegations contained in paragraph 6.

7.  Defendants state that the contract speaks for itself. Defendants otherwise admit the allegations contained in paragraph 7.

8.  Defendants state that the contract speaks for itself. Defendants otherwise admit the allegations contained in paragraph 8.

9.  Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 9, and therefore denies the same at this time.

10. Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 10, and therefore denies the same at this time.

11. Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 11, and therefore denies the same at this time.

12. Defendants admit that, under the terms of the contract, Plaintiff receives fees assessed on each ton entering the City's Landfill. Defendants state

that it lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 12, and therefore denies the same at this time.

13. Defendants deny that the contract states the Landfill shall be open from "4:00 a.m. to 12:00 p.m. Sunday." Defendants admit the remaining allegations of paragraph 13.

14. Defendants state that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 14, and therefore denies the same at this time.

15. Defendants state that the contract speaks for itself. Defendants admit that the City sent Brundidge Landfill, LLC a letter on September 12, 2006, pertaining to an alleged breach of the contract in question and requesting that Brundidge Landfill, LLC bring the landfill operations into compliance within thirty (30) days. Defendants deny any remaining or inconsistent allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

## CLAIMS

## COUNT I – FRAUD AND DECEIT

17. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 16, to the extent any response is required, in response to Paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

## COUNT II – BREACH OF CONTRACT

20. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 19, to the extent any response is required, in response to Paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

## COUNT III – DECLARATORY JUDGMENT

23. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 22, to the extent any response is required, in response to Paragraph 23.

24. The allegations of paragraph 24 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 24.

25. Defendants state that the contract speaks for itself. Defendants admit that the City sent Brundidge Landfill, LLC a letter on September 12, 2006, pertaining to an alleged breach of the contract in question and requesting that Brundidge Landfill, LLC bring the landfill operations into compliance within thirty (30) days. Defendants deny any remaining or inconsistent allegations of paragraph 25.

26. The allegations of paragraph 26 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 26.

## COUNT IV – PROMISSORY ESTOPPEL

27. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 26, to the extent any response is required, in response to Paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

## COUNT V – ALTER EGO

31. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 30, to the extent any response is required, in response to Paragraph 31.

32. Defendants deny the allegations of paragraph 32.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief requested in their prayer for relief (including all subparts), or to any recovery from Defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants deny the material allegations of the Complaint, separately and severally, and demands strict proof thereof.

### THIRD DEFENSE

Defendants are not guilty of the matters and things alleged in the Complaint.

7

## FOURTH DEFENSE

The Court lacks personal jurisdiction over some or all of the Defendants.

## FIFTH DEFENSE

Venue as to Defendants is improper, or would be more convenient in another forum.

## SIXTH DEFENSE

No justiciable controversy exists between Plaintiff and Defendants.

## SEVENTH DEFENSE

Plaintiff has failed to join an indispensable party.

## EIGHTH DEFENSE

Defendants deny that the Plaintiff was injured or harmed in any way by any alleged act or omission by Defendants.

## NINTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom Defendants owe no legal responsibility.

## TENTH DEFENSE

Defendants deny that Plaintiff has suffered any legally cognizable damage.

## ELEVENTH DEFENSE

Defendants dispute the nature an amount of Plaintiff's alleged injuries and damages.

## TWELFTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendants in this case.

## THIRTEENTH DEFENSE

Defendants plead as a set off any monies received by the Plaintiff for injuries or damages suffered in or attributed to the accident, including, but not limited to, any insurance proceeds.

## FOURTEENTH DEFENSE

Defendants aver that the Plaintiff's claims are barred by the applicable statute of limitations, insufficiency of process, insufficiency of service of process, res judicata, collateral estoppel, laches, waiver, unclean hands, waiver, set-off, contributory negligence, the economic loss rule, justification, accord and satisfaction, lack of standing, failure to read, release, estoppel, and/or judicial estoppel.

## FIFTEENTH DEFENSE

Defendants deny that it breached any contract with Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the Statute of Frauds and/or the parol evidence rule.

## SEVENTEENTH DEFENSE

Defendants deny that a valid contract exists between the parties, and denies that it breached any contract with Plaintiff.

## EIGHTEENTH DEFENSE

Plaintiff failed to mitigate the damages, if any resulting from the alleged acts or omissions of Defendants.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants at all times acted in good faith.

## TWENTIETH DEFENSE

Plaintiff is not entitled to the relief sought under the terms of the contract made the basis of this lawsuit.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the terms and conditions of the contract made the basis of this lawsuit.

## TWENTY-SECOND DEFENSE

Defendants aver that Plaintiff's declaratory judgment request does not comply with Alabama Code § 6-6-220 et. seq. and/or Alabama Rule of Civil Procedure 57.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FOURTH DEFENSE

Defendants deny that it made any misrepresentations to the Plaintiff regarding the contract in question.

## TWENTY-FIFTH DEFENSE

Defendants deny that Plaintiff reasonably or justifiably relied on any alleged misrepresentation by Defendants or any of its agents, or that Plaintiff was damaged as a result of any alleged misrepresentation.

## TWENTY-SIXTH DEFENSE

Plaintiff has failed to plead fraud with particularity as required by Rule 9(b) of the Alabama Rules of Civil Procedure, and the Complaint does not give sufficient notice of the circumstances surrounding the alleged fraud.

## TWENTY-SEVENTH DEFENSE

Defendants deny that it or any of its agents breached any duty or obligation allegedly owed to Plaintiff, misrepresented any material fact to Plaintiff or omitted to state any material fact to Plaintiff. To the extent Plaintiff's Complaint attempts to state a claim for fraud, the Complaint fails to comply with Rules 8 and 9 of the Alabama Rules of Civil Procedure.

## TWENTY-EIGHTH DEFENSE

Defendants lacked the requisite scienter under some or all of Plaintiff's claims.

## TWENTY-NINTH DEFENSE

Defendants aver that no Defendant participated in, authorized, ratified, or benefited from any alleged wrongful acts asserted in the Complaint.

## THIRTIETH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered. Defendants further deny that Plaintiff is entitled to recover punitive damages against Defendants.

## THIRTY-FIRST DEFENSE

Defendants cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to Ala. Code § 6-11-27

## THIRTY-SECOND DEFENSE

Any claim by the Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate the due process rights guaranteed to Defendants by the Fourteenth Amendment to

the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY-THIRD DEFENSE

Any claim by the Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate size of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate the substantive and procedural due process and equal protection rights guaranteed to Defendants by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment, as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without clear and convincing evidence of every element would violate the substantive and procedural due process rights guaranteed to Defendants under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

## THIRTY-FIFTH DEFENSE

Any award of punitive damages based on anything other than the conduct of Defendants in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment, as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy because any other judgment for punitive damages in this case cannot protect Defendants against impermissible multiple punishment for the same wrong.

## THIRTY-SIXTH DEFENSE

Any award of punitive damages in this case would violate the rights guaranteed to Defendants under the substantive and procedural due process clause of the United States Constitution and of the Alabama Constitution, the excessive

fines clauses of the Eighth Amendment to the United States Constitution, the contract clause of Article I of the United States Constitution, and the equal protection clause of the United States Constitution and of the Alabama Constitution.

### THIRTY-SEVENTH DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the due process clause of the Fourteenth Amendment to the United States Constitution. While the United States Supreme Court perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair, and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 512 U.S. 415 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

## THIRTY-EIGHTH DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the due process clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express, legislatively established range of penalties.

## THIRTY-NINTH DEFENSE

The imposition of a punitive damages award in this case in the absence of explicit, particularized guidelines or standards would be highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary, and irrational. A punitive damages award in the absence of such guidelines or standards would bear no rational or reasonable relationship to the alleged conduct of Defendants in this matter or to any alleged harm to Plaintiff and would dwarf legislatively established fines for comparable conduct. A punitive damages award in the absence of such guidelines or standards therefore would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the excessive fines clause of the Alabama Constitution.

## FORTIETH DEFENSE

Without the protections previously provided in Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords Defendants sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## FORTY-FIRST DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution.

## FORTY-SECOND DEFENSE

The Alabama system and structure for punitive damages awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the due process clause of the United States Constitution under the authority of B.M.W. of North America, Inc. v. Gore, 517 U.S. 599 (1996). The allegations made by Plaintiff in this action and Plaintiff's claims for punitive damages generally, under the Alabama system specifically, constitute inadequate notice to Defendants so as to deprive it of due process of law.

## FORTY-THIRD DEFENSE

Defendants aver that Ala. Code § 6-11-21 applies to any award of punitive damages in this case and raises any and all defenses available to it under the 1999 amendment to the same.

## FORTY-FOURTH DEFENSE

In 2003, the United States Supreme Court in State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), that awards exceeding a single-digit ratio between punitive damages and compensatory damages will rarely satisfy due process. Accordingly, any award of punitive damages in excess of a single-digit ratio to compensatory damages cannot be sustained because it would violate Defendants' right under the Fourteenth Amendment to the United States Constitution.

## FORTY-FIFTH DEFENSE

Defendants reserve the right to amend its answer to add additional defenses and/or averments as additional information becomes available. Defendant hereby specifically denies any allegations contained in the Complaint that were not expressly admitted herein and specifically denies that Plaintiff is entitled to any legal or equitable relief.

*C. Meade Hartfield*
_____
One of the Attorneys for Defendants
Brundidge Landfill, LLC
Allied Waste Industries, Inc.
Allied Waste North America, Inc.

OF COUNSEL:
J. Banks Sewell, III (SEW003)
J. Chandler Bailey (BAI043)
C. Meade Hartfield (HAR281)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

19

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of November, 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Andrew P. Campbell
Caroline Smith Gidiere
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, LA 35209
205.803.0051
Fax: 205.803.0053

Richard F. Calhoun
CALHOUN, FAULK, CURTIS & FAIRCLOTH, LLC
78 S. Court Square
P.O. Box 489
Troy, AL 36081
334.566.7200

_____
Of Counsel