## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| CITY OF BRUNDIDGE, ALABAMA | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| | ) | 2:06cv1066-MEF |
| v. | ) ) | [Case No. CV-06-0275-JWK in |
| BRUNDIDGE LANDFILL, LLC, ALLIED WASTE INDUSTRIES, INC., ALLIED WASTE NORTH AMERICA, INC., | ) ) ) ) | Circuit Court of Pike County, Alabama] |
| | ) | Opposed Motion |
| Defendants. | ) ) | |

## PLAINTIFF'S BRIEF IN REPLY TO DEFENDANTS' RESPONSE TO MOTION TO REMAND

**COMES NOW** the Plaintiff, the City of Brundidge, Alabama (hereinafter referred as "the City" or "Plaintiff") in the above-styled cause, by and through its undersigned counsel of record, and in reply to the arguments set forth by the Defendants in their Response to Plaintiff's Motion to Remand, states unto the Court as follows:

1.      This matter is due to be remanded to the Circuit Court of Pike County, Alabama, for the reasons more thoroughly outlined in Plaintiffs' Motion to Remand,

which Plaintiffs adopt and incorporate as if fully set forth herein.

2.     In their Response Brief, the Defendants misconstrue the law governing the remand of cases in the Eleventh Circuit.  Citing *to Bolling v. Union Life Insurance Company*, 900 F. Supp. 400, 405 (M.D. Ala. 1995), the Defendants contend federal courts should be cautious about remand.  Defendants conveniently decline to cite to the sentence immediately preceding the dicta relied upon by the Defendants.  This is likely because that sentence recognizes that the policy in the Eleventh Circuit is to favor remand.  *See Bolling*, 900 F. Supp. at 405.

3.     In *Bolling*, the court clearly reaffirms existing Eleventh Circuit precedent, which holds that "the law in the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear."  *Id.* at 404 (internal citations omitted).  Thus, "in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court."  *Id.* at 404 (internal citations omitted).

4.     As a case of first impression regarding the burden of persuasion in cases where the Complaint fails to contain an *ad damnum* clause identifying a specific amount in controversy, the court ruled in *Bolling* that the defendant bears the burden of proving, by preponderance of the evidence, that the jurisdictional amount required to establish diversity jurisdiction is present in a case.  Thus, *Bolling* in no way

changes longstanding Eleventh Circuit precedent favoring remand or placing the burden of proving that removal is proper squarely on the Defendants.

5.    The Defendants also fail to meet their burden of establishing that removal of this matter was proper and that this Court has subject matter jurisdiction. The Defendants erroneously seem to believe that the burden of proof in this matter is on the Plaintiff.  It is not.  In an attempt to support their claim that diversity jurisdiction is present, the Defendants attach an Affidavit from Jo Ann White to their Response Brief.  However, that affidavit fails to meet the burden imposed on the Defendants.

6.    First, the affidavit is untimely.  Defendants had the opportunity to submit the necessary allegations and evidentiary materials to the court to establish the presence of complete diversity at the time they filed their Notice of Removal.  They failed to do so.  They are not entitled to a second bite at the apple.  Second, even if this court should choose to consider the affidavit, remand is still proper as the affidavit is insufficient to satisfy the burden placed upon the Defendants.

7.    The Affidavit reiterates that Defendant Allied Waste North America, Inc. is the sole member of Brundidge Landfill, LLC.  *See* Affidavit at para. 4.  That Affidavit alleges that "Allied Waste North America, Inc. is registered to do business in Arizona, Alabama, Illinois, Missouri, North Carolina, Ohio, and Texas."  *Id.*  This

allegation, while containing at least some information as to the activities of the Defendant, in no way establishes the principal place of business for Allied Waste North America, Inc. ("AWNAI").

8.    There is no dispute that, under the *Rolling Greens* case, 374 F.3d 1020 (11th Cir. 2004), a limited liability company is deemed to be a citizen of any state of which a member is a citizen.  As a corporation, AWNAI is deemed to be a citizen of both the state(s) of its incorporation and of the state of its principal place of business. *See* U.S.C. § 1332(c)(1).  The tests utilized and recognized in the Eleventh Circuit are more fully discussed in Plaintiffs' Motion to Remand.  *See* Plaintiffs' Motion to Remand.  However, in short, Defendants' new affidavit in no way supplies sufficient facts to permit this Court to apply the relevant tests and standards and to make the required inquiry in order to determine AWNAI's citizenship.

9.    The Defendants have completely failed to meet their burden of establishing the principal places of business of AWNAI, which is the sole member of Brundidge Landfill, LLC.  Thus, the Defendants have failed to establish the citizenship of either AWNAI or Brundidge Landfill.  Eleventh Circuit precedent mandates that the burden of persuasion rests with the removing Defendants to establish federal jurisdiction, which will not simply be assumed by the court to exist. *See*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct.

1673, 128 L.Ed.2d 391 (1994). Where there is any doubt as to the existence of such jurisdiction, the proper course of action is to remand the matter at issue to the state court from which it was removed. *Id.* Given the Defendants' failure to meet their burden of proof with respect to establishing complete diversity and diversity jurisdiction, remand of this matter to the Circuit Court of Pike County, Alabama, is necessary.

**WHEREFORE**, the premises considered, Plaintiff respectfully requests that this Honorable Court remand the above-referenced action to the Circuit Court for Pike County, Alabama, from which it was improvidently removed by the Defendants.

Respectfully Submitted,

   /s   Caroline Smith Gidiere
One of the Attorneys for Plaintiff

OF COUNSEL:
Andrew P. Campbell
Caroline Smith Gidiere
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
205-803-0051 Phone
205-803-0053 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Banks Sewell, III
J. Chandler Bailey
C. Meade Hartfield
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200

Richard F. Calhoun
Calhoun, Faulk, Curtis & Faircloth, LLC
78 S. Court Square
P. O. Box 489
Troy, AL 36081


    /s   Caroline Smith Gidiere
Of Counsel