IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CITY OF BRUNDIDGE, ALABAMA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 2:06-cv1066-MEF-WC |
| ) | |
| BRUNDIDGE LANDFILL, LLC, ALLIED ) | (WO-Not for Publication) |
| WASTE INDUSTRIES, INC., and ALLIED ) | |
| WASTE NORTH AMERICA, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Plaintiff's Motion to Remand (Doc. # 10) filed on December 27, 2006. The motion has been fully briefed and is ready for disposition by this court. For the reasons set forth in this Memorandum Opinion and Order, the motion is due to be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an Alabama municipality, originally filed this action against Brundidge Landfill, LLC ("Brundidge Landfill")[1], Allied Waste Industries, Inc. ("AWI"), and Allied Waste North America, Inc. ("AWNA")[2] in the Circuit Court of Pike County Alabama. Plaintiff seeks unspecified punitive and compensatory damages for claims under Alabama

---

[1] The Complaint alleges that Brundidge Landfill is a Delaware limited liability company with its principal place of business in Alabama. Compl. at ¶ 2.

[2] The Complaint alleges that AWI and AWNA are Delaware corporations; it makes no allegations regarding the principal place of business of either entity. Compl. at ¶¶ 3 & 4.

law including: fraud and breach of contract.

On November 29, 2006, Defendants timely removed the case to this Court pursuant to 28 U.S.C. § 1441 asserting federal subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff subsequently filed a motion in which it challenges Defendants' assertion that complete diversity of citizenship existed between the parties at the time of removal.

## DISCUSSION

As an initial matter, the Court notes that federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, they may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Consequently, remand of removed cases is favored where federal jurisdiction is not absolutely clear. *See, e.g., Burns*, 31 F.3d at 1095; *Rayfield v. Nat'l Auction Group, Inc.*, 878 F. Supp. 203, 206 (M.D. Ala. 1995) ("Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand.") As the proponents of removal, Defendants have "the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). *Accord*, *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied*, 520 U.S. 1162 (1997)

(stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). *Accord, Tapscott,* 77 F.3d at 1356 ("Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court.") (citations omitted). Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship.

The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). That this case satisfies Section 1332(a)(1)'s requirement that the amount in controversy exceed $75,000 is not in dispute. The sole issue for resolution by this Court is whether Section 1332(a)(1)'s requirement that there be complete diversity of citizenship is satisfied. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir.2002). Indeed, one of the Supreme Court's earliest cases, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267(1806),[3] held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side.

---

[3] Overruled on other grounds by 43 U.S. (2 How.) 497 (1844).

3

Plaintiff is alleged to be a citizen of Alabama. The question for this Court is whether any of the three defendants are also citizens of Alabama. The evidence before this Court establishes that Brundidge Landfill is an LLC whose sole member is AWNA. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, the question before this Court narrows further to what is the citizenship of AWNA and AWI.

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The undisputed evidence before this Court establishes that both AWNA and AWI are citizens of Delaware, the place of their incorporation. If AWNA and AWI also have their principal places of business in states other than Alabama, complete diversity exists and the motion to remand must be denied.

Defendants contend that AWI and AWNA have their principal places of business in Arizona. Plaintiff argues that Defendants have not carried their burden of establishing that under the applicable law. The Eleventh Circuit has adopted the "total activities" test to determine a corporation's principal place of business. *See Vareka Invs., N.V. v. American Inv. Properties, Inc.*, 724 F.2d 907, 910 (11th Cir. 1984). This test combines the "place of activities" test and the "nerve center" test used by other circuits. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Under the "place of activities" test,

the location of the majority of the corporation's sales or production activities is its principal place of business. *Id.* AWI conducts business activities in Arizona and California. AWNI conducts business in Arizona, Alabama, Illinois, Missouri, North Carolina, Ohio and Texas. Under the "nerve center" test, the location of the corporate offices is generally the principal place of business. *Id.* Both AWI and AWNI have their corporate headquarters in Arizona.

The total activities test requires a somewhat subjective analysis to choose between the results of the nerve center and place of activities tests, if they differ. *See, e.g., MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005); *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 315 (5th Cir. 1980). [4] In *Sweet Pea Marine,* the Eleventh Circuit provided guidance as to how the district courts should balance the two tests. Where a company's activities are not concentrated in one place, a district court is entitled "to give these 'nerve-center'-related facts greater significance" in determining principal place of business. *Sweet Pea Marine*, 411 F.3d at 1247. *Accord, MacGinnitie,* 420 F.3d at 1239.

Where, as here, there is evidence that the two corporate defendants conduct business in a variety of states including, in the case of AWNI, Alabama, the Court finds that the nerve center facts are due greater significance. Consequently, the Court finds under the applicable case law that AWI and AWNI are citizens of Delaware and Arizona for purposes of diversity jurisdiction. Because Brudidge Landfill takes its citizenship from that of its sole member,

---

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

AWNI, it too is a citizen of Delaware and Arizona.  Having reviewed the factual record and the applicable law, the Court is satisfied that diversity of citizenship exists.  Plaintiff has not challenged any other aspect of the removal or articulated any argument other than a lack of diversity of citizenship in support of the motion to remand.  Accordingly, it is ORDERED that the Plaintiff's Motion to Remand (Doc. # 10) is DENIED.

DONE this the 12th day of April, 2007.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE